# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>EXCEL AESTHETICS LLC, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. **1:23-cv-22347**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Florida and the United States, Defendant's acts of infringement were directed towards the state of Florida and the United States, Defendant caused injury to Plaintiff within the state of Florida and the United States, and Defendant has a physical presence in the state of Florida and the United States.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an

1
COMPLAINT

individual and professional photographer.

6. Defendant Excel Aesthetics LLC ("Excel") is a Florida limited liability company with a principal address of 13936 NW 7 Ave Miami, FL 33168.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

9. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10. Williams is the sole creator and exclusive rights holder to a beauty photograph of a blonde model ("Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of the Photograph.

12. Williams registered the Photograph with the United States Copyright Office under registration certificate VA 2-114-445.

13. Defendant Excel Aesthetics LLC is a "full-service medical aesthetic center offering non-surgical treatments" including microblading, vacuum therapy, butt lifting, sculptra, and lip blushing. *See* http://www.excelaestheticsmiami.com/.

14. On information and belief, at the time of the discovery of the infringement, Excel ran and operated the @excelaesthetics Instagram Page ("Defendant's Instagram").

15. On or about November 20, 2021, Williams discovered her Photograph on Defendant's Instagram in a post about the longevity of Botox injections ("Infringing Post").

16. Attached hereto as Exhibit B is a true and correct screenshot of the Infringing Post on Defendant's Instagram.

17. Williams, through an authorized representative as well as counsel, made several attempts to resolve this matter with Defendant, but the parties were unable to reach a resolution.

18. Williams has never at any point given Excel a license or other permission to display, distribute or otherwise use the Photograph on Defendant's Instagram or any other website or platform.

19. Excel (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Photograph to the Defendant's Instagram without Williams' consent or authorization

20. On information and belief, Defendant's use of the Photograph was deliberate and willful because it knew or should have known that they did not purchase a license to use the Photograph.

/ / /
/ / /
/ / /

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph.

23. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts.

24. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

25. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits

attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated:    June 23, 2023                              Respectfully submitted,

/s/ **Melissa A. Higbee**
Melissa A. Higbee, Esq.
FL State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6729 facsimile
mh@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated: June 23, 2023                                   Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
FL State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6729 facsimile
mh@higbee.law
*Attorney for Plaintiff*